No. 19-50591

**In the United States Court of Appeals
for the Fifth Circuit**

# United States of America,

*Plaintiff-Appellee*

v.

# Corey Reeves Bostic,

*Defendant-Appellant*

Criminal No. 7:19-cr-00004-DC-4
Appeal from the United States District Court
for the Western District of Texas
Midland-Odessa Division

# Corey Reeves Bostic's Reply Brief

Nelson S. Ebaugh
Nelson S. Ebaugh, P.C.
3730 Kirby Drive, Suite 1200
Houston, Texas 77098
(713) 752-0700

*Counsel for Defendant-Appellant*

# Table of Contents

                                                            Page

Table of Contents ................................................................................. i

Table of Citations ................................................................................ ii

Argument ............................................................................................. 1

  I. Bostic's sentence is procedurally unreasonable ......................... 1

     A. Even if the district court could consider the victim's death in fashioning its sentence, it could not rely upon uncharged conduct that was not proven by a preponderance of the evidence .............................................. 1

     B. Although a district court does not need to engage in "robotic incantations that each statutory factor has been considered," it does need to sufficiently explain a significant upward variance ................................................. 3

 II. Bostic's sentence is substantively unreasonable ........................ 5

III. The government does not contest that the district court erred by failing to give a "specific reason" for its non-guideline sentence, as required by 18 U.S.C. § 3553(c)(2) .......... 7

Conclusion ............................................................................................ 7

Certificate of Service ........................................................................... 9

Certificate of Compliance ................................................................... 10

## Table of Citations

<u>Cases</u>            <u>Page</u>

Gall v. United States,
  552 U.S. 38 (2007) .................................................................................. 2, 3

Rita v. United States,
  551 U.S. 338 (2007) ................................................................................. 3, 4

United States v. Lamoreaux,
  422 F.3d 750 (8th Cir. 2005) ........................................................................ 3

United States v. Mondragon-Santiago,
  564 F.3d 357 (5th Cir. 2009) ........................................................................ 4

United States v. Smith,
  440 F.3d 704 (5th Cir. 2006) ................................................................. 2, 3, 4

<u>Statutes</u>

18 U.S.C. § 3553(a) .................................................................................. 2, 4, 5

18 U.S.C. § 3553(c)(2) ...................................................................................... 7

## Argument

**I.   Bostic's sentence is procedurally unreasonable.**

   **A.   Even if the district court could consider the victim's death in fashioning its sentence, it could not rely upon uncharged conduct that was not proven by a preponderance of the evidence.**

As explained in the opening brief, Bostic's sentence is procedurally unreasonable, among other reasons, because the district court relied on uncharged conduct that had not been proven by a preponderance of evidence when sentencing Bostic. App. Br. 15-19. The government responded as follows: "[E]ven though [Bostic] was not charged with causing the death of the victim, it did not preclude the district court from considering the victim's death in fashioning its sentence." Gov't Br. 17. Assuming *arguendo* that the district court could consider A.F.'s death in fashioning its sentence, the district court did much more that just that. Indeed, the district court considered an irrelevant scenario—i.e., one that was not grounded in fact.

For several reasons, the hypothetical charge and corresponding guidelines range had no place in Bostic's sentencing. As an initial matter, it is uncontested that the government could not prove by a preponderance of the evidence, much less beyond a reasonable doubt, that Bostic was

guilty of distribution of methamphetamine which resulted in A.F.'s death.  Further, the district court could not use the guidelines range for the hypothetical charge as the benchmark for Bostic's sentence.  If anything, the district court should have used the applicable guidelines range of 21 to 27 months as the "starting point and initial benchmark" for Bostic' sentence.  *Gall v. United States*, 552 U.S. 38, 49 (2007) (holding that the guidelines should be the "starting point and initial benchmark" in determining a defendant's sentence).  By using the range of 262 to 327 months (based on the hypothetical charge that was unsupported by evidence) as the primary benchmark, the district court abused its discretion.

To be sure, a district court has discretion to select a non-guideline sentence after considering the sentencing factors set out in 18 U.S.C. § 3553(a). *Gall*, 552 U.S. at 51.  However, there are distinct limits to this discretion, and they include a defendant's due process right to be sentenced based on accurate information.  *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006) ("A non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it . . . gives significant weight to an irrelevant or improper factor . . . .").

Accordingly, this Court should vacate Bostic's sentence and remand for resentencing.

**B. Although a district court does not need to engage in "robotic incantations that each statutory factor has been considered," it does need to sufficiently explain a significant upward variance.**

Bostic also argued that his sentence is procedurally unreasonable because the district court failed to address Bostic's "nonfrivolous reasons for imposing a different sentence." App. Br. 20 (quoting *Rita v. United States*, 551 U.S. 338, 357 (2007)). Further, Bostic argued that his sentence is procedurally unreasonable because the district failed to "consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the" the court's 770 percent upward variance from the high end of the guidelines range. App. Br. 21 (quoting *Gall*, 552 U.S. at 50; *Rita*, 551 U.S. at 357). The government ignores these arguments and instead points out that "[t]he court . . . need not engage in 'robotic incantations that each statutory factor has been considered.'" Gov't Br. 18 (quoting *Smith*, 440 F.3d at 707 (quoting *United States v. Lamoreaux*, 422 F.3d 750, 756 (8th Cir. 2005)).

To be sure, a district court does not need to provide robotic incantations that each statutory factor has been considered. However,

3

relying upon the Supreme Court's holdings in *Rita*, this Court has found error where the district court ignored the defendant's argument for a downward departure, failed to give any reasons for its sentence, and overruled without explanation defendant's objection that the sentence was "greater than necessary." *See United States v. Mondragon-Santiago*, 564 F.3d 357, 363-64 (5th Cir. 2009).

Similarly, the court below ignored Bostic's argument for a sentence at "the high-end of the guidelines . . . ," ROA.90, failed to give an adequate explanation for the extent of the variance, and overruled without explanation Bostic's objection that the sentence was procedurally and substantially unreasonable, ROA.94-95. Accordingly, the court below abused its discretion. *See Mondragon-Santiago*, 564 F.3d at 363-64; *Smith*, 440 F.3d at 707 (holding a district court imposing a variance outside the guidelines system must articulate its reasons more thoroughly "than when it imposes a sentence under authority of the Sentencing Guidelines," the court's reasons for the extent of the variance must be "fact-specific" and consistent with the § 3553(a) sentencing factors, and the district court's explanation of the sentence must "enable the reviewing court to determine whether, as a matter of substance, the

sentencing factors in section 3553(a) support the sentence" (citations omitted)).

For these reasons, this Court should vacate Bostic's sentence and remand for resentencing.

## II. Bostic's sentence is substantively unreasonable.

In his opening brief, Bostic argued that his sentence is substantively unreasonable because it gives significant weight to an irrelevant or improper factor and/or represents a clear error of judgment in balancing the sentencing factors. App. Br. 22-29. The government ignores Bostic's arguments and counters by baldly stating that Bostic "has not shown that the court's consideration of any of the § 3553(a) sentencing factors failed to take into account a factor that should have received significant weight, gave weight to an irrelevant or improper factor or represented a clear error of judgment in balancing the sentencing factors." Gov't Br. 20-21. The government is wrong.

Bostic devoted eight pages in his opening brief to explain how the district court gave significant weight to an irrelevant or improper factor and how Bostic's sentence represents a clear error of judgment in balancing the sentencing factors. App. Br. 22-29. In sum, "[t]he district

court's sentence—which dramatically increased Bostic's sentence from the guidelines range of 21 to 27 months to almost twenty years' imprisonment, a 770 percent upward variance from the high end of the Guidelines range — gives significant weight to an irrelevant or improper factor [i.e., uncharged conduct that had not been proven by a preponderance of evidence] and represents a clear error of judgment in balancing the sentencing factors." App. Br. 24.  "In fact, instead of using the twenty year minimum sentence for drug distribution resulting in death as a benchmark for an upward departure, a more appropriate benchmark would have been involuntary manslaughter which has a maximum punishment of eight years."  App. Br. 27.  Rather than addressing any of these arguments, the government tersely concluded that "[t]he facts presented by [Bostic] do not render his 235-month sentence unreasonable." Gov't Br. 21.

In sum, the government failed to directly address Bostic's arguments that his sentence is substantively unreasonable.  Because Bostic's arguments are largely uncontested, this Court should vacate Bostic's sentence and remand for resentencing.

**III. The government does not contest that the district court erred by failing to give a "specific reason" for its non-guideline sentence, as required by 18 U.S.C. § 3553(c)(2).**

Bostic devoted seven pages in his opening brief to his argument that the district court failed to give a "specific reason" for its non-guideline sentence, as required by 18 U.S.C. § 3553(c)(2). App. Br. 29-35. Although the government acknowledged Bostic's argument in footnote 3 of the government's brief, Gov't Br. 14, the government declined to address any aspect of this argument. Therefore, Bostic's argument that the district court failed to give a "specific reason" for its non-guideline sentence, as required by 18 U.S.C. § 3553(c)(2), is uncontested.

Accordingly, this Court should vacate Bostic's sentence and remand for resentencing.

## Conclusion

For all these reasons, Bostic urges this Court to vacate the sentence imposed by the district court and to remand the case for resentencing.

Respectfully Submitted,

/s/ Nelson S. Ebaugh
Nelson S. Ebaugh
Nelson S. Ebaugh P.C.
3730 Kirby Drive, Suite 1200
Houston, Texas 77098
(713) 752-0700

*Counsel for Defendant-Appellant*

**Certificate of Service**

I hereby certify that on the 9th day of January, 2020, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system. Counsel for all parties to the case are registered CM/ECF users and will be served by the appellate CM/ECF system.

/s/ Nelson S. Ebaugh<br>
Nelson S. Ebaugh

**Certificate of Compliance with Type-Volume Limit,
Typeface Requirements, and Type-Style Requirements**

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) this document contains 1,309 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Word software in Century Schoolbook 14-point font in text and Century Schoolbook 12-point font in footnotes.

/s/ Nelson S. Ebaugh
Nelson S. Ebaugh